UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL GARCIA, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHLUMBERGER LIFT SOLUTIONS, LLC; et al.,<br><br>Defendants. | No. 1:18-cv-01261-DAD-JLT<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER<br><br>(Doc. No. 19) |

This matter is before the court on the motion for leave to file a first amended answer brought by defendants Schlumberger Lift Solutions, LLC and Schlumberger Rod Lift, Inc. ("defendants") on March 1, 2019. (Doc. No. 19.) On April 2, 2019, the motion came before the court for hearing. Attorney Peter Dion-Kindem appeared telephonically on behalf of plaintiff, and attorney William Payne appeared telephonically on behalf of defendants. The court has considered the parties' arguments and, for the reasons set forth below, will grant in part defendants' motion for leave to file a first amended answer.

/////

/////

/////

1

# BACKGROUND

Plaintiff filed his initial complaint as a putative class and Private Attorney General Act ("PAGA") action alleging wage and hour claims in the Kern County Superior Court on June 5, 2018; he later filed a first amended complaint ("FAC") on August 6, 2018. (Doc. Nos. 1-2, 1-3.) Defendants answered the FAC on September 12, 2018 and removed the case to this federal court on September 13, 2018. (Doc. Nos. 1, 1-4.)

On March 1, 2019, defendants moved for leave to file a first amended answer to plaintiff's FAC. (Doc. No. 19.) Plaintiff filed his opposition on March 19, 2019, and defendants filed a reply on March 26, 2019. (Doc. Nos. 21, 22.)

# LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Although "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires . . . a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal quotation marks and citations omitted). Repeated failures to cure deficiencies by amendment can also justify withholding leave to amend. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight"—prejudice being the "touchstone of the inquiry under Rule 15(a)"—but the opposing

party bears the burden of demonstrating prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks and citations omitted). "Leave to amend may [also] be denied if the proposed amendment is futile or would be subject to dismissal," *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (citation omitted), but only if there are "'no set of facts [that] can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## ANALYSIS

Defendants seek to amend their answer to include "two additional affirmative defenses, clarify another defense, and drop a defense." (*See* Doc. No. 19.) Plaintiff only opposes the addition of the two affirmative defenses, arguing that the proposed amendments are futile because neither of those proposed are cognizable affirmative defenses. (Doc. No. 21.) The court will grant leave to amend as to the unopposed amendments; the contested amendments are addressed in turn below.

**A.      Proposed 32nd Affirmative Defense:  PAGA – Violation of Separation of Powers**

Defendants assert in their proposed 32nd affirmative defense that plaintiff's action should be barred because "PAGA authorizes private counsel to represent the public absent procedural safeguards required by the California Supreme Court to ensure neutrality and therefore violates the separation of powers guaranteed by the California Constitution." (Doc. 19-1 at 20.) Plaintiff argues that the California Supreme Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014) forecloses this defense. (Doc. No. 21 at 3.)

The court agrees. As plaintiff pointed out and as another judge of this court has noted:

> *Iskanian*, like the present case, arose in the context of an employee's putative class action against his employer for wage and hour violations. . . . *Iskanian* went on to reject the claim that "PAGA violates the separation-of-powers principle under the California Constitution." . . . Moreover, *Iskanian* recognized that even if PAGA and other *qui tam* actions occasioned some minimum interference with governmental functions, the separation-of-powers

3

> doctrine nonetheless "does not create an absolute or rigid division of [such] functions." In fact, the court recognized that "substantial interrelatedness . . . lies at the heart of the constitutional theory of 'checks and balances' that the separation-of-powers doctrine is intended to serve."
>
> Given *Iskanian*'s unequivocal holding that PAGA does not violate the California Constitution's separation-of-powers provisions, Defendant's argument that the scope of that holding should be restricted is unavailing. Moreover, the fact that the California Supreme Court has spoken on the issue precludes this Court from revisiting that determination. In assessing the extent of state constitutional guarantees, the California judiciary is the court of last resort.

*Snipes v. Dollar Tree Distribution, Inc.*, No. 2:15-cv-00878-MCE-DB, 2017 WL 5293782, at *3 (E.D. Cal. Nov. 13, 2017) (citations omitted). Defendants offer no response to plaintiff's argument in this regard. The court concludes that defendants' proposed defense is precluded by *Iskanian* and is thus meritless as a matter of law. *See Cal. Brewing Co. v. 3 Daughters Brewing LLC*, No. 2:15-cv-02278-KJM-CMK, 2016 WL 4001133, at *1 (E.D. Cal. July 26, 2016) (noting that an affirmative defense can be insufficient as a matter of law) (citation omitted). Amendment to add this defense would therefore be futile.

**B.  Proposed 33rd Affirmative Defense: Manageability**

Defendants' proposed 33rd affirmative defense asserts that "[c]ritical differences among the proposed individuals on whose behalf the Complaint. . . [is] brought render class/collective treatment unmanageable." (Doc. 19-1 at 20.) Plaintiff responds that "'lack of manageability' . . . is not a defense at all, but an assertion that Plaintiff has failed to meet Plaintiff's burden of proof as to Plaintiff's class allegations," (Doc. No. 21 at 1–2), and that a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." (*Id.* (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002))). According to defendants, plaintiff's argument misses the point because their proposed 33rd defense relates to plaintiff's proposed PAGA action, while pointing to several cases where courts "routinely consider the manageability of broad PAGA actions in deciding whether to allow them to proceed." (*See* Doc. No. 22 at 3.)

While "manageability" may not be an affirmative defense *per se*, plaintiff has not shown that such a defense is not viable under any set of facts. *See Missouri ex rel. Koster*, 847 F.3d at

4

656. Thus, denying leave to amend to assert the defense here, given the "extreme liberality" of Rule 15, would be inappropriate. *Eminence Capital*, 316 F.3d at 1051 (citation omitted); *see also In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106–07 (S.D. Cal. 2018) ("Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed.").

**CONCLUSION**

Accordingly:

1. Defendants' motion for leave to file a first amended answer (Doc. No. 19) is granted in part;
    a. Defendants are granted leave to amend their answer to clarify affirmative defense No. 16 relating to the exhaustion of administrative requirements and remove the affirmative defense that defendants were not plaintiff's employer;
    b. Defendants are denied leave to amend their answer to add affirmative defense No. 32 on the violation of the separation of powers based upon the court's conclusion that such an amendment would be futile;
    c. Defendants are granted leave to amend their answer to add affirmative defense No. 33 on manageability; and
2. Defendants are directed to file a first amended answer consistent with the instructions in this order within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated: **February 24, 2020**

UNITED STATES DISTRICT JUDGE