PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P.C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (818) 883-4900
Email: peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
5211 East Washington Blvd. # 2262
Commerce, CA 90040
Telephone: (213) 599-8255
Fax: (213) 402-3949
Email: lonnieblanchard@gmail.com

Attorneys for Plaintiff Cristobal Garcia

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cristobal Garcia, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Schlumberger Lift Solutions LLC, a Delaware Limited Liability Company; Schlumberger Rod Lift Inc., a Delaware Corporation; Schlumberger Technology Corporation, a Texas Corporation and Does 1 through 10,<br><br>    Defendants. | **Case No. 1:18-cv-01261-DAD-JLT**<br>*(Assigned to the Hon. Dale A. Drozd)*<br><br>**Plaintiffs' Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**<br><br>Date: November 23, 2020<br>Time: 9:00 a.m.<br>Place: 510 19th Street, Bakersfield, California |

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

**Table of Contents**

I. INTRODUCTION. ...................................................................................................................1
II. THIS SETTLEMENT WARRANTS FINAL APPROVAL. ...............................................................1
    A.    The settlement is fair, adequate, and reasonable. ......................................................1
        1.    The strength of Plaintiff's case ......................................................................2
        2.    The risk, expense, complexity, and duration of further litigation ................2
        3.    The risk of obtaining and maintaining class action status ...........................2
        4.    The amount offered in settlement is reasonable given the realistic value of the claims considering the litigation risks. .....................................................2
        5.    The discovery completed and the status of proceedings ..............................3
        6.    The experience and views of counsel ............................................................3
        7.    The reaction of the class members to the proposed settlement....................3
III. THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED. .................................................................................................4
IV. THE COURT-ORDERED NOTICE COMPORTS WITH DUE PROCESS. ...........................................4
    A.    Notice Mailing ..........................................................................................................5
    B.    Settlement Payments .................................................................................................6
    C.    Requests for Exclusion and Objections ...................................................................7
V. CONCLUSION........................................................................................................................7

**Table of Authorities**

**Cases**

*Churchill Village, L.L.C. v. General Electric* (9th Cir. 2004) 361 F.3d 566 ........................................... 4

*Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268............................................................ 1

*Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156............................................................................. 4

*Gribble v. Cool Transports Inc.* (C.D. Cal., Dec. 15, 2008, No. CV 06-04863 GAF SHX) 2008 WL 5281665 ..................................................................................................................................... 3

*In re Heritage Bond Litigation* (9th Cir. 2008) 546 F.3d 667 ................................................................. 1

*In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373........................................... 3

*In re Portal Software, Inc. Securities Litigation* (N.D. Cal., Nov. 26, 2007, No. C-03-5138 VRW) 2007 WL 4171201 ............................................................................................................. 2

*In re Syncor ERISA Litigation* (9th Cir. 2008) 516 F.3d 1095 ............................................................... 1

*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234................................................... 3

*Marshall v. Holiday Magic, Inc.* (9th Cir. 1977) 550 F.2d 1173............................................................. 3

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523 2, 3

*Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948 ........................................................ 2

*Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001............................................................................................................................. 4

*Wren v. RGIS Inventory Specialists* (N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826 ............................................................................................................................................ 1

**Rules**

Fed. R. Civ. Proc. 23............................................................................................................................ 1, 4

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

ii

## I. INTRODUCTION.

Plaintiff Cristobal Garcia ("Plaintiff") seeks final approval of this class action settlement, that *only partially* resolves certain class action claims, that provides tangible monetary relief to over 250 class members whose rights under California's labor laws were violated. No class members objected to or opted out of the settlement (Cita Decl. ¶¶ 10, 11), and not a single class member objected to the settlement. (*Id.*, ¶ 11.)

The Court has already preliminarily approved the partial settlement and, as discussed below, should grant final approval of the settlement.

## II. THIS SETTLEMENT WARRANTS FINAL APPROVAL.

A proposed class action settlement can be "settled, voluntarily dismissed, or compromised only with the court's approval." (*See* Fed. R. Civ. Proc. 23(e).)  Thus, to approve this proposed class action settlement, this Court must conclude that the proposed settlement is "fair, adequate and reasonable," and is the product of arms-length and informed negotiations. (*See In re Heritage Bond Litigation* (9th Cir. 2008) 546 F.3d 667, 674.) According to the Ninth Circuit, "there is a strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." (*See In re Syncor ERISA Litigation* (9th Cir. 2008) 516 F.3d 1095, 1101 (citing *Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268, 1276).)

### A. The settlement is fair, adequate, and reasonable.

In determining whether a proposed class action settlement is "fair, reasonable, and adequate," as required by Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court may consider some or all of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant;[1]

---

[1] This factor is not addressed because there is no governmental participant. (*See, e.g., Wren v. RGIS Inventory Specialists* (N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826, at *10, *supplemented* (N.D. Cal., May 13, 2011, No. C-06-05778 JCS) 2011 WL 1838562 ("Because there is no governmental entity involved in this litigation, the seventh factor is inapplicable").)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

and (8) the reaction of the class members to the proposed settlement.  (*See Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948, 963.)  Plaintiff addresses each of these factors below.

### 1.     The strength of Plaintiff's case

Although Plaintiff steadfastly maintains that his claim is meritorious, Plaintiff appreciates that Defendants' defenses to certification made certification potentially problematic. Despite Defendants' defenses, however, Plaintiff secured a substantial recovery for the class through this settlement. This factor therefore supports final approval.  (*See* Dion-Kindem Decl., ¶ 4.) Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." (*National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526 (internal quotations omitted).)

### 2.     The risk, expense, complexity, and duration of further litigation

This settlement avoids the risk of non-recovery and the additional accompanying expense associated with an appeal if the case was not certified. (*In re Portal Software, Inc. Securities Litigation* (N.D. Cal., Nov. 26, 2007, No. C-03-5138 VRW) 2007 WL 4171201, at *3 (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement").) Therefore, this factor supports final approval. (*See* Dion-Kindem Decl., ¶ 5.)

### 3.     The risk of obtaining and maintaining class action status

Absent settlement, there was a risk that there would not be a certified class at the time of trial. This factor also supports final approval. (*See* Dion-Kindem Decl., ¶ 6.)

### 4.     The amount offered in settlement is reasonable given the realistic value of the claims considering the litigation risks.

As this Court concluded in its preliminary approval order, the settlement agreement's terms fall within the range of reasonableness. As detailed in the motion for preliminary approval, this settlement provides a monetary recovery for the settlement class in the face of vigorously disputed claims.  Given the litigation risks involved regarding the merits, Plaintiff submits that this settlement is squarely within the realm of being fair, reasonable, and adequate. (*See* Dion-Kindem Decl., ¶ 7.) Indeed, "[t]he

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." (*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234, 1242 (internal quotations omitted).)

### 5. The discovery completed and the status of proceedings

Plaintiff has conducted substantial discovery, including taking the deposition of Defendants' Person Most Knowledgeable and obtaining the production of substantial data and other documentation regarding Defendants' policies and practices. Only class certification and damages remained to be determined. Thus, this factor also supports final approval. (*See* Dion-Kindem Decl., ¶ 8.)

### 6. The experience and views of counsel

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." (*In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373, 378.) Here, Plaintiff is represented by competent, experienced, and aggressive class action counsel who pressed Plaintiff's claims forward against a large corporate defendants represented by a well-qualified law firm. (*See* Dion-Kindem Decl., ¶ 9.) Consideration of this factor therefore strongly supports final approval. (*See, e.g.*, *Gribble v. Cool Transports Inc.* (C.D. Cal., Dec. 15, 2008, No. CV 06-04863 GAF SHX) 2008 WL 5281665, at *9 ("Great weight is accorded to the recommendation of counsel, who are most likely acquainted with the facts of the underlying litigation.").)

### 7. The reaction of the class members to the proposed settlement

A court may infer that a class action settlement is fair, adequate, and reasonable when few class members object. (*See Marshall v. Holiday Magic, Inc.* (9th Cir. 1977) 550 F.2d 1173, 1178.) "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." (*See National Rural Tele. Coop., supra*, 221 F.R.D. at 529.)

Here, not a single class member filed an objection to the proposed settlement after notice was provided to members of the Settlement Class informing them about the terms of the proposed

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

3

settlement, their estimated individual settlement payout and rights under the settlement, the amounts sought by Class Counsel in attorneys' fees and costs, and the amounts sought by the Class Representative as an enhancement award. (Cita Decl. ¶ 11.) Moreover, not a single class member elected to opt-out of this settlement. (Cita Decl. ¶ 10.) Thus, this factor supports final settlement approval. (*See* Dion-Kindem Decl., ¶ 10.)

### III. THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED.

In its preliminary approval order, this Court preliminarily certified the settlement class for settlement purposes only. The Court found that the Settlement Class met the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy, and satisfied the Rule 23(b)(3) requirements of predominance and superiority. Because circumstances have not changed, and for the reasons set forth in Plaintiff's motion for preliminary approval, Plaintiff requests that the Court finally certify the Settlement Class for settlement purposes under Rule 23(e). (*See Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001, at *8, *report and recommendation adopted* (E.D. Cal., June 28, 2012, No. 1:10-CV-616-AWI-SKO) 2012 WL 13040405 ("As initially determined in the Court's preliminary approval order and as set forth above, the Rule 23(a) requirements for class certification have been satisfied.").)

### IV. THE COURT-ORDERED NOTICE COMPORTS WITH DUE PROCESS.

Due process requires that notice be provided to class members by the best reasonable method available. (*See Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156, 173 [94 S.Ct. 2140, 2150, 40 L.Ed.2d 732].) Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." (*See Churchill Village, L.L.C. v. General Electric* (9th Cir. 2004) 361 F.3d 566, 575.) Here, the parties engaged with Simpluris, Inc., an experienced third-party settlement administrator, to mail the Class Notice and related forms to settlement class members. (Cita Decl., ¶¶ 2-3.) The concurrently-filed declaration of Cassandra Cita details Simpluris' settlement administration efforts.

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**
4

### A. Notice Mailing

On July 21, 2020, Simpluris received the Court-approved Notice Packet from Class Counsel. The Notice Packet contained information regarding Class Members' right to dispute the total number of safety bonus payments credited to each of them during the relevant time period, request to be excluded from the Settlement, object to the Settlement, or do nothing, and the implications of each such action; applicable deadlines and other events, including the Final Approval Hearing; and how Class Members could obtain additional information. A true and correct copy of an exemplar Notice Packet is attached hereto as "**Exhibit A**." (Cita Decl., ¶ 4.)

On August 17, 2020, Simpluris received a data spreadsheet from Defendant's counsel, containing each Class Member's full name, last known address and telephone number, Social Security number, and total number of safety bonus payments each received between June 5, 2014 through January 19, 2019 ("Class Information"). The Class Information contained information for two hundred fifty (250) individuals identified as Class Members. (Cita Decl., ¶ 5.)

Simpluris processed each of the mailing addresses contained in the Class Information utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the Class Information was updated with the address through NCOA and was utilized in connection with the mailing of the Notice Packet. Of those two hundred fifty (250) addresses in the Class Information, Simpluris was able to locate forty-six (46) updated addresses. (Cita Decl., ¶ 6.)

On September 6, 2020, after updating the mailing addresses through the NCOA, Notice Packets, along with postage-paid and pre-addressed return envelopes, were mailed via First Class U.S. Mail to two hundred fifty (250) individuals identified as Class Members in the Class Information. The Notice Packet advised the Class Members that their original deadline to submit a dispute regarding the number of Total Bonus credited to each of them, Exclusion Request, and/or objection to the Settlement was October 31, 2020 ("Response Deadline"). (Cita Decl., ¶ 7.)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

As of this date, sixteen (16) Notice Packets were returned to Simpluris by the Post Office as undeliverable, of which none of the Notice Packets had a forwarding address. For the sixteen (16) Notice Packets returned as undeliverable without forwarding addresses, Simpluris performed an advance address search (i.e. skip-trace) to locate an updated address using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name and previous address to locate an updated address. Through the skip-trace search, Simpluris located thirteen (13) updated addresses, and promptly re-mailed the Notice Packets to the new-found addresses. Two (2) Class Members, whose Notice Packets were returned to Simpluris by the Post Office, contacted Simpluris to provide an updated address, and Simpluris promptly re-mailed the Notice Packet to them. Ultimately, one (1) Notice Packet remains undeliverable. (Cita Decl., ¶ 8.)

### B.     Settlement Payments

Pursuant to the Agreement, 2% of the Net Settlement Amount is allocated to the net Overtime Sub-Fund, 12% of the Net Settlement Amount is allocated to net Wage Statement Sub-Fund, and the remaining 86% of the Net Settlement Amount is allocated to the net 203 Sub-fund. The parties agreed to calculate each members' settlement amount using the total number of bonuses on a pro rata basis to match the settlement agreement for Overtime, Wage Statement Sub-class and 203 Sub-class. (Cita Decl., ¶ 13.)

The Net Settlement Amount available to Class Members is estimated to be approximately $293,200.00, and was calculated by subtracting the requested attorneys' fees ($175.000.00), maximum amount allotted for reimbursement of litigation costs and expenses ($20,000.00), requested enhancement payment ($7,500.00), and requested settlement administration costs ($6,800.0), from the Gross Settlement Amount ($525,000.00). (Cita Decl., ¶ 14.)

The *highest* gross Class Payment is estimated to be approximately $2,089.99, the *lowest* gross Class Payment is estimated to be approximately $5.27 and the *average* gross Class Payment is estimated to be approximately $1,172.80. These amounts are subject to reduction for employer-side and employee-side tax and withholdings on the wages portion. (Cita Decl., ¶ 15.)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

6

The estimated employer share of payroll taxes, which will be paid by Defendant separately, is $1,169.87. (Cita Decl., ¶ 16.)

### C. Requests for Exclusion and Objections

As of this date, Simpluris has not received any disputes regarding the total number of bonus payments credited to Class Members. (Cita Decl. ¶ 9.)

Class Members who wished to exclude themselves from the Settlement were directed to submit an Exclusion Request to the Claims Administrator by the Response Deadline. As of this date, Simpluris has not received any Exclusion Request from a Class Member. (Cita Decl. ¶ 10.)

Class Members who wished to object to the Settlement were directed to submit a written objection to the Claims Administrator by the Original Response Deadline. As of this date, Simpluris has not received any objections to the Settlement from Class Members. (Cita Decl. ¶ 11.)

As of this date, there are two hundred fifty (250) individuals deemed to be Settlement Class Members. (Cita Decl. ¶ 12.)

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter an order granting final approval.

Dated: November 2, 2020        THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Cristobal Garcia

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**