UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL GARCIA, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHLUMBERGER LIFT SOLUTIONS, et al.,<br><br>Defendants. | No. 1:18-cv-01261-DAD-JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION IN PART<br><br>(Doc. Nos. 43, 64) |

Plaintiff Cristobal Garcia commenced this wage and hour action in state court prior to its removal to this court, filing a complaint alleging he and others employed by defendants Schlumberger Life Solutions LLC, Schlumberger Rod Lift Inc., and Schlumberger Technology Corp. (collectively, "defendants") suffered wage and hour law violations, including unpaid wages for required tasks, uncompensated travel time, improper meal periods, failure to pay wages timely after termination, and unfair business practices.  (Doc. No. 1-2.)  Plaintiff seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.  (Doc. No. 43.)  Defendants oppose the motion, arguing the Rule 23 factors were not satisfied and Plaintiff would not be a proper class representative for several of the proposed classes.  (Doc. No. 58.)

/////

1

1   On April 6, 2021, the assigned magistrate judge issued findings and recommendations, recommending that the motion for class certification be granted in part. (Doc. No. 64.) The magistrate judge found the requirements of Rule 23 were satisfied by the proposed "Unpaid Travel Class" and "Unpaid Meal Period Class." (*Id.* at 40–49.) The magistrate judge also determined the plaintiff failed to demonstrate certification was proper as to the proposed "Unpaid Work," "Meal Period Premium," "203 Waiting Time," and "Wage Statements" classes. (*Id.* at 27–40, 44–45, 49–52.) In addition, the magistrate judge found that substitution of a new class representative at this juncture was not appropriate. (*Id.* at 51–52.)

Those findings and recommendations were served on all parties and contained notice that any objections thereto must be filed within fourteen (14) days of service. (*Id.* at 55.) On April 20, 2021, both parties filed timely objections to the findings and recommendations. (Doc. Nos. 65, 66.) Plaintiff objects to the magistrate judge's recommendation that the substitution of a new class representative at this time be denied. (Doc. No. 65 at 1.) Plaintiff states no objections to the recommendations that certification of the Unpaid Work and Meal Premium Period Classes be denied. (*See generally* Doc. No. 65.) Defendants object to the certification of the Unpaid Travel Class and Unpaid Meal Period Class. (Doc. No. 66 at 11–21.) In addition, plaintiff and defendants filed responses to the other's objections on May 4, 2021. (Doc. Nos. 67, 68.) Defendants subsequently filed a notice of supplemental authority on July 23, 2021, and plaintiff filed a response thereto on July 28, 2021. (Doc. Nos. 69, 70.)

Having carefully reviewed the file—including the objections and responses thereto—for the reasons explained below, the court concludes that the pending findings and recommendations are supported by the record and proper analysis and therefore will adopt those recommendation and grant in part plaintiff's motion for class certification.

## **LEGAL STANDARD**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations . . ." 28 U.S.C. § 636(b)(1). If objections to the findings and recommendations are filed, "the court shall make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A *de novo* review

2

requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

Class certification is governed by the Federal Rules of Civil Procedure, which provide that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members." Fed. R. Civ. P. 23(a). A class may be certified if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* In addition, a class must be maintainable under Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).

The court is required to perform a "rigorous analysis," which may require it "to probe behind the pleadings before coming to rest on the certification question." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted). The party seeking class certification "must affirmatively demonstrate ... compliance with the Rule." *Id.* Whether to certify a class is committed to the discretion of the Court within the guidelines of Rule 23. *See* Fed. R. Civ. P. 23; *Doninger v. Pacific Northwest Bell, Inc.*, 563 F.2d 1304, 1308 (9th Cir. 1977).

## ANALYSIS

**A.    Substitution of a New Class Representative**

Plaintiff objects to the magistrate judge's denial of his "request to add a new class representative who has standing to assert the Section 203 and Section 226(a) wage statement claims." (Doc. No. 66 at 1.) Plaintiff contends that he should be permitted to add a new class representative under Rule 15 of the Federal Rules of Civil Procedure, because "[t]here is a strong public policy in favor of permitting amendment." (*Id.* at 2; *see also id.* at 2–5.) According to plaintiff, if the proposed class representative is not permitted to join the action, he "will file a separate class action," which will place "additional burdens… on this already over-burdened Court." (*Id.* at 5.)

Plaintiff, however, relies upon the wrong standard in seeking leave to amend and add a new class representative. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)

(explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). As explained in the pending findings and recommendations, "there is no right to substitute a proper class representative." (Doc. No. 64 at 51) (citing *Moreno v. Autozone, Inc.*, 410 Fed. Appx. 24, 25 (9th Cir. 2010) and *Lierboe v. State Farm Mut. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003)).

The Scheduling Order in this action required that any requests for leave to amend were "to be filed, either through a stipulation or motion to amend, no later than March 1, 2019." (Doc. No. 12 at 1, emphasis omitted.) Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). A party seeking leave to amend after a deadline ordered by the court is required to demonstrate good cause under Rule 16 of the Federal Rules of Civil Procedure, rather than merely meeting the liberal pleading policy of Rule 15. The good cause standard "primarily considers the diligence of the party seeking the amendment" and "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that [he] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that [his] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that []he was diligent in seeking amendment of the Rule 16 order, once it became apparent that []he could not comply with the order.

*Id.* at 608 (internal citations omitted).

As the magistrate judge observed, the settlement agreement identifying claims released by plaintiff was executed on May 1, 2020. (*See* No. Doc. 41-2 at 48.) Thus, as early as May 2020 plaintiff and his counsel were aware that he was releasing claims arising under §§ 203 and 226(a)

4

and that he would not be a proper class representative to prosecute these claims. Nevertheless, no action was taken at that time to add a new class representative. Although plaintiff asserts "there was no reason to seek an additional representative" until final approval (Doc. No. 65 at 3), he also failed to exhibit diligence in seeking leave to amend after final approval was granted on December 15, 2020. Instead, plaintiff's counsel made a tactical decision to remain silent on the issue—while the proposed classes included claims released by the sole named plaintiff—until March 1, 2021.

This court and others have repeatedly determined that a delay of more than two months in seeking leave to amend weighs against permitting amendment. *See Demoura v. Ford*, No. 1:09-cv-01344-LJO-SKO, 2012 WL 1898905 at *10 (E.D. Cal. May 23, 2012) (finding a delay of two months was undue delay under Rule 15); *Sako v. Wells Fargo Bank, Nat. Assoc.*, No. 14-cv-1034-GPC-JMA, 2015 WL 5022326 at *2 (S.D. Cal. Aug. 24, 2015) ("Courts have held that waiting two months after discovering new facts …does not constitute diligence under Rule 16"); *Experexchange, Inc. v. Doculex, Inc.*, No. 08-cv-03875-JCS, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (delay of two months did not meet the good cause standard under Rule 16). Here, because counsel was aware that plaintiff was releasing the applicable claims in May 2020, plaintiff has not demonstrated diligence in seeking to add a new class representative for the first time in March 2021. Even if the court were to agree that plaintiff became aware that he would be an improper class representative only once the claims were released in December 2020—which is not plausible— more than two months passed thereafter before he made any request to add a class representative. Thus, the court is unable to find plaintiff acted with the requisite diligence, and the motion to add a new class representative will be denied. *See Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (if the party seeking to amend fails to show due diligence under Rule 16, the inquiry should end and the court should not grant the motion to modify) (citing *Mammoth Recreations*, 975 F.2d at 609).

**B.     Unpaid Travel Class**

Defendants assert the magistrate judge erred in recommending certification of the Unpaid Travel Class. (Doc. No. 66 at 11.) Defendants observe that with respect to the "Unpaid Travel

5

Class… the only issue certified was whether time voluntarily spent riding in company-provided vans is compensable in and of itself." (*Id.* at 11–12.) Defendants maintain "[t]he law is clear that voluntary, employer-provided transportation is not compensable simply because it occurs," and that this class should not be certified because the claim fails on the merits. (*Id.* at 12, *citing*, *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 587–88 (2000).) Defendants also assert that the Unpaid Travel Class fails to meet the requirements of Rule 23(b). (*Id.* at 21–22.)

While noting that defendants contend plaintiff's claim that employees were entitled to compensation for time spent riding in optional company vans to and from Bakersfield or Taft lacks merit, the magistrate judge declined to address that contention at the class certification stage of this litigation. (Doc. No. 64 at 41-42.) In this regard, courts have consistently found that "it is improper to advance a decision on the merits to the class certification stage.'" *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir. 1983); *see also Amgen Inc. v. Conn Ret. Plan & Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage"); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (the Court does not determine whether the class "could actually prevail on the merits of their claims"). Thus, the magistrate judge did not err in declining to consider whether plaintiff may succeed on his theory of liability for the Unpaid Travel Class.

In the past the undersigned has found the commonality requirement was satisfied where there was a question of whether class members were required to be paid for travel between different locations. *See Aldapa v. Fowler Packing Co.*, 323 F.R.D. 316, 341 (E.D. Cal. 2018). Similarly, here, the issue of whether or not class members were entitled to compensation for travel from the Bakersfield office to the Belridge and Taft field locations may be resolved on a class-wide basis. Any challenge to the merits of that claim may be raised and resolved by way of a motion for summary judgment. *See, e.g., Novoa v. Charter Comm., LLC,* 100 F.Supp.3d 1013, 1019–21 (E.D. Cal. 2015) (granting summary judgment against an employee who claimed that commute time should have been compensated). Resolution of the issue in this way will conserve scarce judicial resources, and clearly a common issue predominates over the class claim. *See Amchem Prods.,* 521 U.S. at 623.

/////

The magistrate judge also did not err in evaluating whether a class action was a superior method of adjudication here. Pursuant to Rule 23(b)(3), the court should consider: (1) the class members' interest in individual litigation, (2) other pending litigation, (3) the desirability of concentrating the litigation in one forum, and (4) difficulties with the managing the class action. As the magistrate judge determined, the parties presented "no evidence the putative class members would have an interest in individually pursuing or controlling their own cases." (Doc. No. 64 at 55.) For the first time in their objections to the pending findings and recommendations, defendants contend that a putative class member previously filed "a complaint with the DLSE seeking compensation for time spent traveling in the optional vans" and constitutes evidence that individuals have an interest in pursuing or controlling their own case. (Doc. No. 66 at 21.) However, the fact that one individual filed a complaint with the DLSE does not undermine the magistrate judge's findings regarding the desire of any putative class member to pursue or control his or her own civil action. Indeed, the parties reached a partial settlement of claims presented in this action, and of the 249 non-exempt employees who received notices, not one requested exclusion from the class or expressed interest in proceeding with his or her own case. (*See* Doc. No. 55 at 7–8.) Thus, the magistrate judge did not err in reviewing the evidence presented and finding that consideration of this factor favored the granting of class certification.

Moreover, as the magistrate judge noted, the parties did not identify any other pending litigation involving the claims presented in this action. (*See* Doc. No. 64 at 54.) In addition, the claims of class members arose in the Eastern District, and class-wide determination in this forum is desirable.

Finally, resolution of defendants' liability at one time "will reduce litigation costs and promote greater efficiency." *Amchem Prods.,* 521 U.S. at 623; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). As the magistrate judge observed, "[c]onducting this matter as a class action would be less burdensome than numerous separate actions, which could involve duplicative discovery and repeated adjudication of the same legal issues." (Doc. No. 64 at 54.)

7

The magistrate judge correctly evaluated the requirements of Rule 23(a) and (b) with the proposed "Unpaid Travel Class," and did not err in declining to consider the merits of plaintiff's claim at this stage of the litigation. Accordingly, the findings and recommendations recommending certification of the Unpaid Travel Class will be adopted.

**C.     Unpaid Meal Period Class**

Further, defendants contend the magistrate judge erred in recommending certification of an "Unpaid Meal Period Class and… concluding that the issue of whether 'duty free meal periods' were provided can be resolved on a class-wide basis." (Doc. No. 66 at 15.) Defendants assert "it is undisputable that KBA had a policy and cited it in the Opposition regarding meal periods prior to 2019 (and indeed going back to at least 2015), and the Magistrate Judge incorrectly asserted KBA did not have such a policy pre-2019." (*Id.* at 15 (emphasis omitted).) According to defendants, because of the written policy, the court must determine "whether Plaintiff presented 'substantial evidence' of a common unlawful policy," and the magistrate judge erred by inappropriately weighing the evidence to evaluate numerosity, commonality, and manageability. (*Id*. at 15–16, citing *Wang v. Chinese Daily News*, 737 F.3d 538, 543 (9th Cir. 2013).)

In addition, defendants contend:

> putative class members supporting the Unpaid Meal Period claims stated at least three distinct reasons why they allegedly could not leave the work site for their lunches: (1) they were told they could not leave, (2) they were not allowed to use company vehicles to leave, and (3) that their work locations were too remote to have time to leave and return during the lunch period. Each of these three different factual scenarios requires a separate and distinct legal analysis – and it is clear that the latter two ("not allowed to drive" and "too far") are not the basis for an actionable claim under California law.

(*Id.* at 15.) Defendants assert that they produced testimonial evidence "from putative class members and supervisors who worked at all leases/work locations (not just Belridge and Taft, where Plaintiff worked) that employees were allowed to leave the worksites for meal periods and routinely did." (*Id.* at 15–16.) According to defendants, plaintiff's evidence "showed there was no uniform practice or policy applicable to all the putative class members at all the varying

8

1    locations." (Doc. No. 66 at 20.) Defendants also contend the magistrate judge failed to
2    acknowledge conflicting testimony from employees working at the various locations, which
3    defendants assert "invalidate[s] the … conclusions regarding numerosity, commonality and
4    management as to the Unpaid Meal Period class." (*Id.* at 16, 20.) Finally, defendants asserts that
5    the Unpaid Meal Period Class fails to meet the requirements of Rule 23(b). (*Id.* at 21–22.)

6           1.       <u>Numerosity</u>

7           A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ.
8    P. 23(a)(1). As the magistrate judge observed, "Defendants did not present any specific argument
9    related to numerosity of the original 'Class 5,' though all other classes were addressed and
10   challenged." (Doc. No. 64 at 46 (citing Doc. No. 58 at 33–35).) The original "Class 5" addressed
11   the meal periods at work site locations. Because the Unpaid Meal Period Class is asserting a
12   claim based upon a uniform company policy and plaintiff presented evidence that "at least 150
13   employees that worked at the Belridge field location since 2014 . . . and at least 80 field
14   technicians that worked at the Taft location alone" (Doc. No. 43-1 at 24), the magistrate judge did
15   not err in finding the numerosity requirement is satisfied in this case.

16          2.       <u>Commonality</u>

17          Class certification requires "questions of law or fact common to the class." Fed. R. Civ. P.
18   23(a)(2). Commonality requires that the of class members "depend upon a common contention
19   such that determination of its truth or falsity will resolve an issue that is central to the validity of
20   each claim in one stroke," and the "plaintiff must demonstrate the capacity of classwide
21   proceedings to generate common answers to common questions of law or fact that are apt to drive
22   the resolution of the litigation." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir.
23   2012) (internal quotation marks, citations omitted).

24          Notably, although defendants contend the magistrate judge erred in reviewing evidence of
25   their written meal break policy, the magistrate judge did in fact address evidence of the written
26   policy. First, the magistrate judge noted defendants presented evidence that "throughout the class
27   period, employees were given 'a thirty-minute meal period during which they are relieved of all
28   responsibility.'" (Doc. No. 64 at 48, quoting Doc. 58 at 17 [also citing Sackewitz Depo. 124:13-

133:22].) Second, the magistrate judge noted that plaintiff and putative class members reported that "*contrary to the identified written policy*—they were not permitted to leave during meal breaks." (Doc. No. 64 at 47, emphasis added.) Thus, while the magistrate judge relied upon the defendant's citation to the policy that was revised in 2019 (*see* Doc. No. 64 at 48, citing Doc. Nos. 58 at 17; 58-1 at 125), the magistrate judge accepted the existence of a written policy throughout the class period.

Defendants maintain the magistrate judge did not adequately address conflicting evidence and assert there are "variations in the evidence depending on the work location of the employees." (Doc. No. 66 at 19–20.) However, the evidence identified by defendants in advancing this argument does not conflict with the evidence relied upon by the magistrate judge. For example, Robert Zuniga and Emmitt Hendrix testified only about whether they were able to leave the yard (in Bakersfield) for meal breaks, and did not address *field locations*, as required by the class definition. (*See* Doc. No. 58-1 at 803–04, Zuniga Depo. 82:24–83:16 [testifying he did not leave the yard to get lunch, but that to do so was permitted]; *id.* at 430–431, Hendrix Depo. 46:6–47:6) [seeking clarification as to whether the questions related to "the yard or the field," and testifying that leaving the yard for lunch was permitted though he did not do so].) Thus, their testimony was not relevant to certification of the proposed class.

Similarly, it appears statements relied upon by defendants in support of this argument were not from putative class members. For example, Marrio Hart reported he "worked in Project Controls at KCA's office located on its Kern River Lease" beginning in July of 2018 and was moved to the Bakersfield office due to the COVID-19 pandemic. (Doc. 58-5 at 2, ¶¶ 2–3.) He reported that his work involved "dispatch and scheduling, and communicat[ing] any problems with the crews to the customer." (*Id.* at ¶ 2.) Because Mr. Hart worked in the offices rather than the field— and does not identify his work as "field technician"— he was not encompassed in the proposed class definition, and whether he was permitted to leave the office for lunch is therefore irrelevant to any issue before the court.

Further, many statements cited by defendants addressed *current* policies, and did not specify the time period to which they referred. For example, Chris Menees reported in January

1  2021 that "[f]ield employees can leave the field/worksite during lunch to grab food provided they
2  can get there and back by the end of the meal period." (Doc. 58-6 at 2–3, ¶ 7.) Notably, the
3  statement was written in the present tense, and Mr. Menees did not report how long it had been
4  the case that field employees could leave the worksite for lunch. (*See id.*) In addition, Erin
5  McClain testified that field technicians working at the Belridge location are permitted to leave for
6  a meal break, stating: "[I]f you're close enough to either one of those areas where you can make
7  it there, order your food, and be back and have your food ate in 30 minutes, then yeah, feel free.
8  We let them go." (Doc. 58-1 at 509, McClain Depo. 34:1-6.) Again, however, Erin McClain
9  statements were made in the present tense, and did not indicate how long crew members had been
10 permitted to leave field locations for meal periods. Without such information, the court is unable
11 to find a conflict in the evidence before it. *See, e.g.*, *Arredondo v. Delano Farms Co.*, No. 1:09-
12 cv-01247-LJO-DLB, 2011 WL 1486612 at *10 (E.D. Cal. Apr. 18, 2011) (finding there was no
13 conflict in the evidence given "the absence of any time period of the declarant's employment or
14 the time period for which their testimony applies" and because the "declarations are worded in the
15 present tense, the testimony applies for the current employment practices").

16 As the magistrate judge determined, plaintiff presented substantial evidence in the form of
17 testimony from putative class members showing a common practice under which employees were
18 not permitted to leave field locations for meal breaks, despite the identified written policy.
19 Although the defendants also question whether such a claim is actionable (Doc. No. 66 at 15),
20 such arguments go to the merits of the claim, not to the determination of whether the
21 commonality requirement is satisfied. The magistrate judge did not err in concluding that
22 "plaintiff carries the burden to show the putative class members 'suffered the same injury' related
23 to meal breaks." (Doc. No. 64 at 48, citing *Dukes*, 564 U.S. at 350; *Falcon*, 457 U.S. at 157.)
24 Therefore, the findings and recommendations that the commonality requirement has been
25 satisfied here will be adopted.

26      3.    <u>Typicality</u>

27 The typicality requirement of Rule 23(a) is satisfied "when each class member's claim
28 arises from the same course of events, and each class member makes similar legal arguments to

1 prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (2001); *see also Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1463 (9th Cir. 1995) (the requirement is satisfied when the plaintiffs have the same claims as other class members and those claims are not subject to unique defenses). As discussed above, plaintiff reports he was required to remain at his work location during meal breaks. (*See* Doc. No. 43-4 at 12-13, Garcia Decl. ¶ 65.) Because putative class members and plaintiff were subjected to the same meal break practice, plaintiff had the "same or similar injury" as putative class members. *See Hanon*, 976 F.2d at 508. Thus, the conclusion reached in the pending findings and recommendations that the typicality requirement has been met here will be adopted.

          4. <u>Adequacy of Representation</u>

This requirement is satisfied if the representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[R]esolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). As noted above, and as determined by the magistrate judge, plaintiff has demonstrated that he is an adequate class representative, without conflicts with the putative class members, and that class counsel (previously appointed in this action for the Settlement Class) are qualified and competent. Therefore, the findings and recommendations concluding that the adequacy of representation has been established here will also be adopted.

          5. <u>Rule 23(b) requirements</u>

Finally, there is no evidence before the court that any putative class member has expressed an interest in pursuing his or her own action for the alleged failure to provide proper meal periods. There is no pending litigation; the claims arose in this forum; and litigating the issues as a class action would be significantly less burdensome than if those claims were litigated in separate actions. Thus, the recommendation of the magistrate judge that the Unpaid Meal Period Class should be certified will be adopted and the proposed class will be certified.

/////

**CONCLUSION**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the file, including the parties' respective objections to the pending findings and recommendations and the responses to those objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations dated April 6, 2021 (Doc. No. 64) are adopted in full;

2. The request to certify the Unpaid Work Class is denied;

3. The request to certify the Unpaid Travel Class is granted and that class is defined as:

   All non-exempt field technicians of Schlumberger Lift Solutions LLC or Schlumberger Rod Lift, Inc. who worked in California at any time from June 5, 2014 through the date of class certification who were not paid for the travel time between the Bakersfield office and the Belridge and Taft field locations.

4. The request to certify the Meal Period Premium Class is denied;

5. The request to certify the Unpaid Meal Period Class is granted and that class is defined as:

   All non-exempt field technicians of Schlumberger Lift Solutions LLC or Schlumberger Rod Lift, Inc. who worked in California at any field location at any time from June 5, 2014 through the date of class certification who were not paid for the time of their meal periods while at such location.

6. The request to certify the 203 Waiting Time Class is denied;

7. The request to certify the Wage Statements Class is denied;

8. Plaintiff is appointed the class representative for the Unpaid Travel Class and the Unpaid Meal Period Class;

9. Lonnie C. Blanchard III and Peter R. Dion-Kindem are appointment as class counsel; and

10. Within fourteen days of the date of service of this order, plaintiff shall file a proposed class notice for the court's approval.

IT IS SO ORDERED.

Dated:   **November 15, 2021**

UNITED STATES DISTRICT JUDGE