UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL GARCIA, *an individual, on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SCHLUMBERGER LIFT SOLUTIONS, LLC, et al.<br><br>Defendants. | No. 1:18-cv-01261-DAD-BAK<br><br>ORDER REJECTING PLAINTIFF'S PROPOSED CLASS NOTICE<br><br>(Doc. No. 72) |

On November 15, 2021, the court adopted in full the assigned magistrate judge's findings and recommendations, recommending that plaintiff's motion for class certification be granted in part. (Doc. No. 71.) The court also directed that within fourteen days of the date of service of its order, plaintiff shall file a proposed class notice for the court's approval. (*Id.* at 14.) On November 24, 2021, plaintiff filed a proposed class notice.[1] (Doc. No. 72.)

Federal Rule of Civil Procedure 23 requires that for any proposed class notice to be sent to a class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be

---

[1] The court apologizes to counsel for its failure to promptly issue this order following the submission of the proposed notice.

1

identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The proposed notice "must clearly and concisely state in plain, easily understood language" the following information:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* (internal spacing omitted).

The court has reviewed the proposed class notice submitted by plaintiff's counsel and finds that it does not explicitly inform class members that they "may enter an appearance through an attorney if the member so desires," despite some references in the proposed notice that a class member "may want to consult [their] own attorney." (Doc. No. 72 at 4.) The court also identified the following more minor typographical errors in the proposed notice: (i) the case number of this action is now 1:18-cv-01261-DAD-<u>BAK</u>; (ii) the case caption includes a defendant Schlumberger Technology Corporation which was terminated from the action on February 5, 2019 (Doc. No. 17); (iii) in the class definitions, the date the classes were certified was November 15, 2021 instead of November 25, 2021; and (iv) there are erroneous references to the Northern District of California, rather than the Eastern District. (Doc. No. 72 at 4, 6.) Given these deficiencies, the court cannot approve the proposed class notice as submitted by plaintiff.

Accordingly, plaintiff is directed to submit an amended proposed class notice addressing the deficiencies identified in this order within twenty-one (21) days of the date of this order. In addition, the parties are directed to meet and confer concerning a distribution plan for the proposed class notice based on the classes as certified in the court's prior order (Doc. No. 71). The parties shall also submit a joint stipulation documenting their proposed distribution plan of the amended proposed class notice within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.

Dated: __**August 16, 2022**__      _____
UNITED STATES DISTRICT JUDGE